IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GAIL WILSON,

    *Plaintiff,*

    v.

U.S.       DEPARTMENT      OF
VETERANS AFFAIRS, *et al.*,

    *Defendant.*

Civil Action No.: ELH-10-2385

**MEMORANDUM OPINION**

Gail Wilson has filed a medical malpractice action against the United States Department

of Veterans Affairs; the Baltimore VA Medical Center; Donald H. Gottlieb, M.D.; and Ngozi

Kelech Ezeude, M.D., pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

§§ 1346(b)(1), 2671 *et seq.*[1]  The United States has moved to dismiss the suit (ECF 6).[2]  The

issues have been fully briefed and no hearing is necessary.  *See* Local Rule 105.6.  For the

reasons articulated below, the Court will grant the motion, without prejudice.  Plaintiff shall be

granted leave to amend within 20 days from the date of the accompanying Order.

FACTUAL AND PROCEDURAL BACKGROUND[3]

On May 28, 2009, at the Baltimore VA Medical Center, Dr. Gottlieb operated on Ms.

Wilson to correct a possible nerve entrapment in her right foot.  Compl. ¶ 10 (ECF 1).  During

---

[1] On or about September 13, 2010, plaintiff served the United States Attorney for the
District of Maryland and the Department of Veterans Affairs.  According to the Government, the
plaintiff has never served Doctors Gottlieb and Ezeude, the Baltimore VA Medical Center, or the
Attorney General of the United States.

[2] Counsel for the United States did not specify the particular parties on whose behalf the
motion has been filed.

[3] Given the posture of this case, the Court must "accept the well-pled allegations of the
complaint as true," and "construe facts and reasonable inferences derived therefrom in the light
most favorable to the plaintiff."  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see
also Boss v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764 (4th Cir. 2003).

post-operative visits, Ms. Wilson complained to Dr. Ezeude, a medical resident, about inflammation and severe pain at the surgical site. *Id.* ¶ 11. On July 6, 2009, the pain became so severe that Ms. Wilson was transported by ambulance to Northwest Hospital. *Id.* ¶ 12. There, x-rays revealed a piece of surgical tubing embedded in Ms. Wilson's right foot. *Id.* ¶ 13. Ms. Wilson subsequently went to the Baltimore VA Hospital, *id.* ¶ 14-15, where she was diagnosed with a severe infection. At that time, the diagnosis of surgical tubing in Ms. Wilson's foot was confirmed. *Id.* ¶ 15.

Ms. Wilson was admitted to the VA hospital for treatment of the infection. *Id.* Thereafter, Dr. Gottlieb performed a second surgery on her, to remove the tubing. According to Ms. Wilson, Dr. Gottlieb apologized "for his mistake and his colleagues' failure to act on her complaints during post-op visits." *Id.* ¶ 17.

After plaintiff's release from the VA Hospital, she underwent physical therapy, which was still ongoing at the time she filed her Complaint on August 30, 2010. *Id.* ¶ 19. In her Complaint, plaintiff contended, *inter alia,* that defendants were negligent in performing the surgery that left the tubing in her foot. *Id.* ¶ 20. She also averred that she had timely complied "with all prerequisites to a suit arising under the FTCA." Specifically, Ms. Wilson indicated that she filed an administrative claim with the Department of Veteran Affairs on October 16, 2009, but that the Department had failed to admit or deny that claim within the six month period under the FTCA. *Id.* ¶ 2.b-c.

I.      Motion to Dismiss for Failure to State a Claim

Pursuant to Fed. R. Civ. P. 12(b)(6), the United States has moved to dismiss Ms. Wilson's suit on the ground that the Complaint fails to state a claim for relief. As discussed in more detail below, the Government claims that the plaintiff failed to comply with certain

requirements imposed by the Maryland Health Care Malpractice Claims Act (the "Act"), MD. CODE ANN., CTS. & JUD. PROC. § 3-2A-01 *et seq.* ("C.J."), which are conditions precedent to filing a medical malpractice action in court.

Under FED. R. CIV. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy the minimal requirements of Rule 8(a)(2), the Complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The purpose of the Rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Id.* at 555-56 n.3 (citation omitted).

To be sure, the plaintiff need not include "detailed factual allegations in order to satisfy" Rule 8(a)(2). But, the Rule demands more than bald accusation or mere speculation. *Id.* at 555. Thus, a complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient under the Rule. *Id.*

A defendant may test the adequacy of a complaint by way of a motion under Rule 12(b)(6). *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008). Both *Twombly*, 550 U.S. 544, and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), make clear that, in order to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 129 S. Ct. at 1953 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions. . . .'" (citation omitted)); *see also Simmons v. United Mortgage and Loan Investment*, No. 09-2147, 2011 WL 184356, at *10 (4th Cir. Jan. 21, 2011); *Andre v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Notably, a motion pursuant to Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted). Moreover, in resolving the Rule 12(b)(6) motion, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385-86 (4th Cir. 2009). Simply put, a plaintiff cannot prevail if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950.

As noted, the Government's motion centers on its claim that Ms. Wilson did not comply with certain requirements of the Act. Under C.J. § 3-2A-04(a)(1)(i), "A person having a claim against a health care provider for damage due to a medical injury shall file the claim with the Director [of the Maryland Health Care Alternative Dispute Resolution Office].…"[4] Under C.J. § 3-2A-04(b)(1)(i)(l), the claimant must file a "certificate of a qualified expert" with the Director within 90 days of filing the claim, attesting "to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury." The certificate must be accompanied by "a report of the attesting expert." *Id.*, § 3-2A-04(b)(3)(i). A defendant who disputes liability must file a similar certificate and report within 120 days from the date that the claimant served her certificate of qualified expert. *Id.* § 3-2A-04(b)(2)(i).

After the filing of the certificate of qualified expert, a potential plaintiff may waive arbitration. C.J. § 3-2A-06B(b)(1) states: "[A]ny claimant may waive arbitration at any time *after* filing the certificate of qualified expert . . . by filing with the Director a written election to waive arbitration signed by the claimant or the claimant's attorney of record in the arbitration proceeding." (Emphasis added.) However, the waiver must be filed "not later than 60 days after

---

[4] C.J. § 3-2A-01(d) defines the term "Director."

all defendants have filed a certificate of qualified expert." *Id.* § 3-2A-06B(d)(1). In addition, the election of waiver must also be served on the other parties to the claim. *Id.* § 3-2A-06B(c)(2).

The Maryland Court of Appeals has made clear that the requirements described above are conditions precedent to the filing of a medical malpractice suit in court. *See Carroll v. Konits*, 400 Md. 167, 172, 929 A.2d 19, 22 (2007) (holding that the filing of a certificate of expert is a condition precedent to filing suit); *Witte v. Azarian*, 369 Md. 518, 527, 801 A.2d 160, 166 (2002) (recognizing that the arbitration process as a whole was intended as a condition precedent to filing a suit in court); *McCready Memorial Hosp. v. Hauser*, 330 Md. 497, 512, 624 A.2d 1249, 1257 (1993) (recognizing that the Act "mandates that claimants arbitrate their claims . . . as a condition precedent to maintain suit"); *Crawford v. Leahy*, 326 Md. 160, 165, 604 A.2d 73, 75 (1992) (stating that "mandatory arbitration requirement . . . creates a condition precedent to the institution of a court action"); *see also Barber v. Catholic Health* Initiatives, 180 Md. App. 409, 419, 951 A.2d 857, 863, *cert. denied*, 406 Md. 192 (2008). The "penalty" for failure to satisfy the expert provisions is "mandatory" dismissal, without prejudice. *Konits*, 400 Md. at 179, 929 A.2d at 27.

The United States maintains that, under 28 U.S.C. § 2674, "the substantive law of each state establishes a cause of action" under the FTCA. Mot. Dismiss 5 (ECF 6). In its view, the requirements of the Act, discussed above, are substantive in nature, and thus Ms. Wilson was obligated to satisfy them. Mot. Dismiss 5-6. Yet, it claims that Ms. Wilson did not comply with the Act, because she failed to file her claim with the Director of the Maryland Health Care Alternative Dispute Resolution Office, as set forth in C.J. § 3-2A-04(a)(1)(i). *Id.* at 6. The United States also suggests that Ms. Wilson did not satisfy C.J. § 3-2A-04(b)(1)(i), by which a plaintiff must file a "certificate of qualified expert" with the Director within 90 days of the filing

- 5 -

of a claim, attesting "to departure from standards of care …."  Therefore, the United States insists that Ms. Wilson has not met essential preconditions to filing suit.

Ms. Wilson disagrees.  She argues:  "There appears to be no federal law which allows the FTCA to be a prisoner of State procedural destiny.  The Plaintiff wishes a State jury trial in Baltimore City and would gladly concede to the Government in return for this prize. Unfortunately, the FTCA involves a federal issue which under the Supremacy Clause covers the field."  Answer to Mot. to Dismiss 3 (ECF 7).

The case of *Anderson v. United States*, No. CCB-08-3, 2008 WL 3307137 (D. Md. Aug. 8, 2008), provides guidance.  There, Ms. Anderson filed a medical malpractice in federal court. The Government moved to dismiss her claim, arguing that she had failed to satisfy the Act, because she did not file a claim with the Director, as required by C.J. § 3-2A-94(a)(1).  *Id.* at *2. Ms. Anderson responded that because suit was brought under the FTCA, and the Act was merely procedural, it did not apply.

In analyzing the matter, Judge Blake discussed the distinction between procedural and substantive law in federal question cases, stating, *id.* at *2:

> Because the FTCA imposes tort liability on the United States "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, the substantive law of each state establishes the cause of action. If the Maryland statute is deemed procedural in nature, it will be preempted by federal procedural law. This is not the typical *Erie* [*Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)] situation: in this case, the court's jurisdiction arises not from diversity of citizenship, but from the Federal Tort Claims Act. In federal question cases, the discussion of substantive versus procedural is still relevant; if the state statute is procedural, the question becomes whether it is preempted by the Federal Rules of Civil Procedure.

Judge Blake noted that the Act specifies that "the provisions of [the Act] shall be deemed procedural in nature and may not be construed to create, enlarge, or diminish any cause of action not heretofore existing, except the defense of failure to comply with the procedures required

under this subtitle." *Id.* at *3 (quoting C.J. § 3-2A-10). However, she observed that several courts have said that "state restrictions on malpractice claims may be deemed substantive and should govern" in FTCA cases. *Id.* at *3. *Mayo-Parks v. United States*, 384 F. Supp. 2d 818, 820-21 (D. Md. 2005) (quoting *Rowland v. Patterson*, 882 F.2d 97, 99 (D. Md. 1989)); *see also Davison v. Sinai Hosp. of Balt.*, *Inc.*, 462 F.Supp. 778, 779-80 (D. Md. 1978), *aff'd*, 617 F.2d 361 (4th Cir.1980); *Arnold v. Corr. Med. Servs., Inc.*, No. DKC-10-283, 2010 WL 2889116, at *4 (D. Md. July 19, 2010). Accordingly, Judge Blake reasoned: "Given that the prefiling requirements of the [Act] are substantive in nature, those requirements apply in FTCA cases, and Ms. Anderson was required to submit her claim to the Maryland Health Claims Alternative Dispute Resolution Office."

Ms. Anderson also argued that the federal agency's denial of her administrative claim constituted a "mutual waiver of the HCMCA's prefiling requirements" under Maryland law. *Id.* at *3. Again, Judge Blake disagreed, stating: "Apart from the administrative claim proceedings, the court has been presented with no evidence suggesting that the United States has waived the [Act's] requirements ...." *Id.*[5]

Ms. Wilson maintains that she *has* complied with the Act's requirements, and therefore was entitled to waive arbitration,[6] Answer to Mot. to Dismiss 3. But, there is no allegation in

---

[5] The court in *Anderson* chose to stay the case, rather than dismiss it. Judge Blake reasoned, *id.* at *4:

> Given the circumstances of this case and the closeness of the question, which apparently was not raised by the defendant at any earlier point in the administrative proceedings, the case will be stayed rather than dismissed while the plaintiff satisfies the conditions of the Act, in order to avoid creating any statute of limitations bar.

[6] Ms. Wilson states: "A waiver must be filed no later than sixty (60) days after the defendants have filed a certificate of qualified expert. The United States as well as the Plaintiff may waive under Section 23-2A-02(c) [sic] of The Courts and Judicial Proceedings Article." *Id.* at 3.

her suit that she filed a claim with the Director, or filed the Certificate of Qualified Expert and the report, all of which must precede the waiver of arbitration. Accordingly, I will dismiss Ms. Wilson's suit, without prejudice, on the ground that she has not adequately pled that she has satisfied the Act's conditions precedent. I will, however, grant Ms. Wilson twenty days to amend.

II. Motion to Dismiss for Lack of Subject Matter Jurisdiction

According to the Government, a plaintiff in an action under the FTCA may only bring an action against the United States "for injuries caused by the negligent or wrongful acts or omissions of federal employees acting within the scope of employment." Mot. to Dismiss 6. Noting that Ms. Wilson has failed to name the United States, and instead has sued a federal department, a federally-operated medical center, and two federal employees in her FTCA action, the United States argues that, under Fed. R. Civ. P. 12(b)(1), the suit must be dismissed for lack of subject matter jurisdiction. Reply in Supp. of Mot. to Dismiss 2 (ECF 8).

In her "Answer To Motion To Dismiss And Statement Of Grounds And Authorities," Ms. Wilson does not address the issue of subject matter jurisdiction issue or the contentions advanced by the United States.

Under FED. R. CIV. P. 12(b)(1), a motion to dismiss for lack of subject matter jurisdiction raises the issue of "whether the court has the competence or authority to hear and decide the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The plaintiff bears the burden of proving the existence of subject matter jurisdiction where it is challenged. *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647 (4th Cir. 1999). Additionally, the question of subject matter jurisdiction may be raised by the parties or the court, *sua sponte,* at any stage of the litigation.

*Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *see Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 197 (4th Cir. 2008).

In a challenge to subject matter jurisdiction, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647. That is, upon a Rule 12(b)(1) motion, "the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted), *aff'd*, 85 Fed. Appx. 960 (4th Cir. 2004). If "a claim fails to allege facts upon which the court may base jurisdiction," the court may properly grant a motion to dismiss for lack of subject matter jurisdiction. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005) (citation omitted).

There is no suggestion here, by either side, that the named defendants were acting outside the scope of their employment. Under the FTCA, an action against the United States is the exclusive remedy available for injuries caused by the negligent or wrongful acts or omissions of federal employees acting within the scope of employment.[7]  28 U.S.C. § 2679(b)(1). It follows that the United States is the only proper defendant here.

Date: February 8, 2011 \_\_\_\_/s/_____
Ellen Lipton Hollander
United States District Judge



---

[7] The Westfall Act, which amended the FTCA in 1988, permits the Attorney General to certify that an employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." *Id.* § 2679(d)(1). Both the employee and the plaintiff may challenge the Justice Department's decision if dissatisfied with it, and the district court will review the determination at an evidentiary hearing. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 428-29 (1995); *see* 28 U.S.C. § 2679(d)(3) (allowing an employee to challenge the Attorney General's refusal to certify that she was acting within the scope of employment). Following certification, the court may substitute the United States as the defendant in an FTCA claim so that the case may proceed. 28 U.S.C. § 2679(d).